UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK WALKER,

                Petitioner,

    v.

THOMAS POOLE,

                Respondent.

DECISION & ORDER

03-CV-6088P

---

        Petitioner in the above-captioned case filed, *pro se*, a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Docket # 1). Respondent has answered the petition, conceding that petitioner had exhausted his claims regarding the denial of suppression of identification testimony and ineffective assistance of counsel, but alleging that his remaining claims were unexhausted. (Docket # 15). On September 18, 2003, petitioner requested a stay of this action in order to afford him the opportunity to seek the advice of counsel regarding, *inter alia*, the exhaustion of his claims. (Docket # 18).

        This Court, by Decision and Order dated November 24, 2003, instructed petitioner to review his petition to determine whether he believed all claims were fully exhausted and, if not, to advise the Court whether he wished to proceed on the exhausted claims or preferred to return to state court to exhaust the unexhausted claims. (Docket # 21). Petitioner thereafter retained private counsel, who has advised the Court that, in his opinion, petitioner "has a number of claims which, although presently unexhausted, should be presented to and decided by the Court when considering petitioner's petition for a writ of habeas corpus." (Docket # 28 at 2).

With the benefit of this advice, petitioner, through counsel, has moved for an order staying this action so that he may return to state court and exhaust his previously unexhausted claims.[1] (Docket # 28).

The controlling law at the time petitioner's motion was filed was the Second Circuit's decision in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). In that case, the court held that a federal court presented with a mixed petition containing both exhausted and unexhausted claims may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" for a limited period of time to permit the petitioner to return to state court to exhaust the unexhausted claims. *Id.* at 381. Six months ago, the Supreme Court affirmed a district court's discretion to issue such a stay, but emphasized that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Specifically, the Court held that a stay is only appropriate when the district court determines that the petitioner had good cause for his failure to exhaust the state court claims, the unexhausted claims are not "plainly meritless" and there is no indication that petitioner is seeking to extend the litigation for dilatory purposes. *Id.*

Petitioner, having filed this motion to stay before *Rhines v. Weber* was decided, understandably did not attempt to establish good cause for his failure to exhaust the state court claims. Nor did he effectively demonstrate the potential merits of such claims. Accordingly, petitioner's motion to stay the pending action **(Docket # 28)** is **DENIED** without prejudice to

---

[1] To the extent petitioner also moves for a four-day extension of time in which to file the pending motion to stay **(Docket # 29)**, such motion is **GRANTED**.

renewal, provided that he does so by no later than **October 31, 2005**.  Should he choose to renew his motion, his accompanying papers should address the more rigorous standards set forth in *Rhines v. Weber*.  If he does not renew his motion by such date, this Court shall determine the exhausted claims in the pending petition and dismiss the unexhausted ones.

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                     United States Magistrate Judge

Dated:  Rochester, New York
       September   16   , 2005.