UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREDERICK WALKER,

                    Petitioner,          **ORDER**
                                       No. 03-CV-6088

     -vs-

THOMAS POOLE,

                    Respondent.
_____

On December 30, 2005, petitioner Frederick Walker ("Walker"), represented by counsel, filed a motion to stay the instant habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. *See* Docket #35.[1] Walker asserted that there were three claims which he wished to return to state court in order to exhaust. Walker requested that the petition be stayed for a period of ninety (90) days, with leave to renew his motion for a stay at that time, if necessary, based on whether he had completed his efforts to exhaust by that time.

Briefly, Walker was convicted after a jury trial on charges of robbery stemming from his alleged involvement of a robbery of a delicatessen and a liquor store. A review of Walker's original petition and supporting memorandum of law reveals that he asserted the following grounds for relief: (1) the show-up procedures were unnecessarily suggestive, (2) victim Tanio Sarkis's identification was inherently unreliable because he allegedly had his eyes closed during the attack, (3) the prosecution presented insufficient evidence of intent with regard to the robbery

---

[1] On January 9, 2006, the Court (Payson, M.J.) issued an order stating that any papers in response to petitioner's motion to stay the petition be submitted on or before January 23, 2006. To date, the Court has received no response from respondent. This case was transferred to the undersigned on [date]. *See* Docket #[to be assigned]. Since the deadline for filing responsive papers has since expired, the matter is now fully submitted and ready for decision.

of the liquor store, (4) appellate counsel was ineffective in failing to argue that the show-up was unduly suggestive; that petitioner's arrest was without probable cause; that the evidence of intent was insufficient; that the prosecutor's instructions to the grand jury were erroneous; that his trial was improperly joined with that of his co-defendant; and that appellate counsel was operating under a conflict of interest. *See* Docket ##1, 19. When respondent answered the petition, it only interposed the defense of non-exhaustion with respect to petitioner's claim concerning the first show-up procedure due to petitioner's to raise the question on direct on direct appeal. However, it also argued correctly that this claim should be deemed exhausted but procedurally defaulted because petitioner faced an absence of state corrective process should he return to state court in order to exhaust it. *See* N.Y. Court Rule § 500.10; N.Y. Crim. Proc. Law § 440.10(2)(c).

Thus, the Court is not presented with a mixed petition, and staying the petition is not necessary under the circumstances. Rather, Walker needs to request permission to amend his petition to add the following claims that he described in his motion for a stay: (1) appellate counsel was ineffective for failing to challenge petitioner's adjudication as a persistent felony offender; (2) appellate counsel was ineffective in failing to argue that the trial court's refusal to call victim Sarkis at the *Wade* hearing was error; and (3) trial counsel was ineffective in failing to challenge the prosecutor's presentation of the second degree robbery charge stemming from the liquor store robbery because victim Anna Hendricks allegedly testified that the gun wielded by petitioner looked like a toy. *See* Docket #35.

In the interest of judicial economy, the Court will treat Walker's motion for a stay as a request for leave to amend the petition. Because the one-year statute of limitations has long expired, any additional claims that Walker wishes to add will be time-barred unless they relate

back to the original petition for purposes of Rule 15(c) of the Federal Rules of Civil Procedure. *See Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) (stating that Fed. R. Civ. P. 15(c) governs the timeliness of a motion to amend submitted after § 2244(d)(1)'s statute of limitations has expired). Rule 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c). The "relation back" principle of Rule 15(c) applies to petitions for habeas corpus. *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 815-16 (2d Cir. 2000). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, __ U.S. __, 125 S. Ct. 2562, 2574, 162 L. Ed.2d 582 (2005).

With respect to his claim that appellate counsel was ineffective in failing to challenge on direct appeal petitioner's adjudication as a persistent felony offender, the Court cannot find that such a claim is "tied to a common core of operative facts" as set forth in the original petition. Nowhere in that pleading does Walker mention anything regarding a challenge to his sentence or his adjudication as a persistent felony offender. Thus, the Court does not find that the claim regarding appellate counsel's alleged deficiencies with respect to petitioner's persistent felony status relates back for purposes of Rule 15(c).

Turning to petitioner's claim that appellate counsel was ineffective in failing to argue that the trial court's refusal to call victim Sarkis at the *Wade* hearing was error because Sarkis allegedly would have testified that he had his eyes closed during the robbery, the Court finds that it does sufficiently "relate back" to the original petition. Walker claimed in the original petition

that Sarkis's identification was unreliable because of this very fact. Thus, respondent was provided with adequate notice of this claim, which arose from a "common core of operative facts."

Finally, the Court turns to Walker's claim that trial counsel was ineffective in failing to challenge the prosecutor's presentation of the second degree robbery charge stemming from the liquor store robbery because victim Anna Hendricks allegedly testified that the gun wielded by petitioner looked like a toy. The Court notes that, in his original petition, Walker raised a claim regarding the prosecutor's instructions to the grand jury, although he did not specify which instructions were objectionable. This is a somewhat closer question, but the Court will give Walker, who was acting *pro se* when he filed his original petition the benefit of the doubt and deem the claim to "relate back" for purposes of Rule 15(c). In his *coram nobis* application in state court, a copy of which was submitted by respondent in connection with this petition, Walker complained about Hendricks's testimony. Thus, the Court will find that respondent was adequately on notice of this issue. Accordingly, it is hereby

**ORDERED** that petitioner will be permitted to amend his petition to include his ineffective assistance of appellate counsel claim regarding the trial court's failure to call victim Tanio Sarkis at the *Wade* hearing and that trial counsel was ineffective in failing to challenge the prosecutor's presentation of victim Anna Hendricks's testimony to the grand jury. It is further

**ORDERED** that petitioner has thirty (30) days after his completion of his efforts to exhaust to return to this Court and file an amended petition including all of the grounds he wishes to raise and indicating whether they are fully exhausted. Respondent shall have thirty (30) days from its receipt of petitioner's amended petition to file responsive pleadings, should it

chose to do so. No further extensions of time shall be granted.

**IT IS SO ORDERED.**


/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:        April 27, 2006
              Rochester, New York.